In re the Petition for DISCIPLINARY AC-
TION AGAINST Bruce E. ERICKSON,
an Attorney at Law of the State of
Minnesota.

No. C6–89–1911.

Supreme Court of Minnesota.

Oct. 26, 1993.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed several petitions with this Court alleging that the respondent Bruce E. Erickson has committed professional misconduct warranting public discipline. In January 1993, the Director filed a petition for revocation of respondent's probation and further disciplinary action in which the Director alleged that respondent violated the conditions of his disciplinary probation by failing to abstain from alcohol; that respondent participated in fraudulent conduct and assisted in the unauthorized practice of law; and that, on at least three occasions in 1991 and 1992, respondent signed declarations of trust, wills, powers of attorney and living wills as a witness when, in fact, respondent did not witness the signature of the document involved and had never met the parties who signed the documents.

In April 1993 and July 1993, the Director filed supplementary petitions for disciplinary action against respondent in which the Director alleged the following additional misconduct: that respondent made misrepresentations to a creditor of a client about the status of his client's bankruptcy proceedings in order to induce the creditor to discontinue the creditor's garnishment of the client's paycheck; that respondent contracted with an individual for telephone answering services, then failed to make the monthly payments for the services; that respondent neglected client matters entrusted to him; that respondent failed to communicate with a client about a matter entrusted to him and failed to return the client's documents when requested; that respondent misappropriated client funds when he failed to deposit two separate retainers in a trust account, failed to perform all of the services agreed upon in return for the retainers, and used the funds for his own use; that respondent borrowed $300 from a client without documenting the loan or fully disclosing the terms of the loan, and then failed to repay the loan; that respondent engaged in the unauthorized practice of law when he continued to practice law after being suspended for non-payment of his attorney registration fee; and that respondent failed to cooperate with the Director's Office in its investigation of the allegations against respondent.

After the petitions had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his previously filed answers and unconditionally admitted all of the allegations of the three petitions. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is an indefinite suspension for a minimum of 30 months.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Bruce E. Erickson, hereby is indefinitely suspended for a minimum of 30 months, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent shall not be eligible to apply for reinstatement until the expiration of the 30–month minimum period of suspension.

3. That, if and when respondent seeks reinstatement, respondent's reinstatement shall be conditioned upon the following:

a. Respondent's payment of costs in the amount of $750 plus interest and disbursements in the amount of $630.75 plus interest, pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility.

b. Respondent's compliance with Rule 26, Rules on Lawyers Professional Responsibility.

c. Respondent's successful completion of the professional responsibility examination pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

d. Respondent's satisfaction of the continuing legal education requirements pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

e. Respondent's satisfaction of any subrogation claim by the Client Security Board.

BY THE COURT:

/s/ M. Jeanne Coyne

M. JEANNE COYNE
Associate Justice